IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| STACY BAKER | * | |
| CHARLES BAKER | * | |
| ROUTE 6, P.O. BOX 6939 | * | Civil Case No. |
| KEYSER, WEST VIRGINIA 26726 | * | |
| | * | |
| Plaintiffs | * | |
| v. | * | |
| | * | |
| M. ALI BEHNAM, M.D. | * | |
| 925 BISHOP WALSH ROAD | * | |
| CUMBERLAND, MARYLAND 21502 | * | |
| | * | |
| and | * | |
| | * | JURY TRIAL DEMANDED |
| THE GYNECOLOGY CENTER, LLC | * | |
| 925 BISHOP WALSH ROAD | * | |
| CUMBERLAND, MARYLAND 21502 | * | |
| | * | |
| Serve on: | * | |
| | * | |
| M. Ali Behnam, M.D. | * | |
| 925 Bishop Walsh Road | * | |
| Cumberland, Maryland 21502 | * | |
| | * | |
| Defendants | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiffs, Stacy Baker and Charles Baker, hereby bring this Complaint against the Defendants named herein and in support thereof, state:

1. Plaintiffs, Stacy and Charles Baker, are husband and wife, and are residents of the State of West Virginia, having taken residence therein prior to the institution of this action.

2. M. Ali Behnam, M.D. (hereinafter referred to as "Dr. Behnam") is a physician specializing in gynecology who is licensed to practice medicine in the State of Maryland and at all times relevant hereto was acting individually and as the apparent and actual agent, servant and employee of The Gynecology Center, LLC.

3. At all times relevant hereto, Dr. Behnam had a duty to provide medical care and treatment to Stacy Baker in a manner consistent with prevailing standards of medical care.

4. At all times relevant to this litigation, The Gynecology Center, LLC (hereinafter "Gynecology Center") was the employer of Dr. Behnam, and was regularly conducting business in the State of Maryland and holding itself out as a healthcare provider through its agents, servants and employees.

5. At all times relevant hereto, Gynecology Center owed a duty to members of the public such as Stacy Baker to provide medical care and treatment through its actual and apparent agents, servants and employees in a reasonable manner and consistent with prevailing standards of medical care.

6. Venue is proper, pursuant to 28 U.S.C. § 1391(a), in the United States District Court for the District of Maryland (Northern Division) as the location wherein the claim arose and the place of residence of the Defendants.

7.    Plaintiffs have complied with the provisions of §3-2A-06B of the Cts. & Jud. Proc. Art., Md. Ann. Code in bringing this action before the United States District Court, and a copy of the Waiver of Arbitration, Certificate of Merit and Report have been filed with this Complaint.

8.    The amount in controversy exceeds the jurisdictional limit and jurisdiction is proper under 28 U.S.C. § 1332, as there is full diversity of citizenship between the Plaintiffs and Defendants.

## COUNT I - MEDICAL NEGLIGENCE

9.    Stacy Baker became a patient of Dr. M. Ali Behnam on August 24, 2004, at which time she complained of left lower quadrant pain.

10.    On August 24, 2004, Dr. Behnam's included dysmenorrhagia (abnormal bleeding between menstrual cycles).

11.    On August 24, 2004, Ms. Baker underwent a pelvic ultrasound on August 24, 2004, which revealed a cystic structure in the left adnexa measuring 48.5 x 44.5 mm. in diameter.

12.    Ms. Baker returned to Dr. Behnam's office on August 31, 2004, at which time the doctor's diagnosis was menorrhagia (heavy menstrual bleeding) and uterine myoma. Plan was for a fractional D&C (dilation and curettage - the expansion or enlarging of the entrance of the

uterus so that a thin, sharp instrument can scrape or suction away the lining of the uterus and take tissue samples.

13. On August 31, 2004, Ms. Baker underwent the fractional D&C at The Gynecology Center, LLC, performed by Dr. Behnam. Pre-operative diagnosis was menorrhagia and questionable left adnexal mass.

14. Following the D&C, Ms. Baker continued to complain of pelvic pain and abnormal menstrual cycles.

15. A pelvic ultrasound was performed on September 9, 2004. Impression was cystic structure adjacent to right ovary measuring 13.2 mm., left adnexal cyst appears to be hemorrhagic cyst.

16. A pelvic ultrasound was performed on September 27, 2004, revealing left ovary, clear cystic changes within, measuring 24.2.

17. Ms. Baker was subsequently scheduled by Dr. Behnam for endoscopic evaluation at Western Maryland Health System, Memorial Hospital Campus, located in Cumberland, Maryland.

18. At no time prior to scheduling Ms. Baker for surgery did Dr. Behnam institute conservative medical management, including but not limited, to the use of GnRH (gonadotropin-releasing hormone)-agonist leuprorelin acetate.

Case 1:07-cv-02796-RDB   Document 1   Filed 10/15/07   Page 5 of 11


19. It is alleged that therapy with the GnRH agonist leuprorelin acetate is effective in relieving pelvic pain, regardless of the presence of endometriosis.

20. It is alleged that The American College of Obstetrics and Gynecology supports therapy with GnRH agonist in the management of women with chronic pelvic pain, even in the absence of confirmation of endometriosis, provided that a detailed investigation reveals no other cause of pain.

21. It is alleged that the most common predisposing condition for ureteral injury during gynecological surgery is previous pelvic surgery.

22. Ms. Baker was admitted to Memorial Hospital on October 7, 2004.

23. That upon admission, Ms. Baker had chief complaints of pelvic pain, left adnexal cystic mass, abnormal uterine bleeding, and excess androgen syndrome.

24. At or around the time of her admission, Ms. Baker was evaluated by Dr. Ali Behnam.

25. Dr. Behnam noted that Ms. Baker had undergone a number of clinical investigations, including a sonograph evaluation, which suggested a hemorrhagic pattern cystic structures within the adnexal area.

26. Dr. Behnam noted that Ms. Baker was advised to consider assessment of abdominopelvic area and cervix, endocervix, and uterine cavity.

27. At approximately 7:30 a.m., Ms. Baker was taken to the operating room, with Dr. Behnam as the attending surgeon.

28. Dr. Behnam's operative report reflects that he performed video hysteroscopy, video laseroscopy, aspiration of the cul-de-sac, and fluid for cytology.

29. Dr. Behnam's operative report also reflects that he performed laparoscopic lysis of severe dense left ovario-parametrial-paracervical cul-de-sac adhesion with finding of an entrapped ureter.

30. Dr. Behnam failed to convert to an open procedure in order to remove the adnexal mass;

31. Dr. Behnam's operative report further reflects that he injured Ms. Baker's left ureter during the course of the surgery.

32. Following identification of the ureteral injury, Dr. Behnam attempted repair of the ureter via the laparoscope and failed to convert to an open procedure;

33. Dr. Behnam failed to emergently consult with a general surgeon or urological surgeon to address the injured ureter;

34. Dr. Behnam eventually requested that a urologist insert a ureteral catheter through the cystoscopy.

35. The urologist placed bilateral ureteral stents.

36. As a result of the negligence of the Defendants, Ms. Baker has undergone and experienced, in addition to other damages and injuries, placement of a Foley catheter, placement of bilateral stents, and subsequent stent removal, urinary urgency, retrograde pyelograms, cystoscopies, ureteroscopies, endoureterotomy, severe pain, recurrent left ureteral stricture, and a persistent anastomotic leak.

37. Defendant, The Gynecology Center, LLC, through their actual and apparent agents, servants and employees, including, but not limited to, Dr. Behnam, was negligent and breached prevailing standards of medical care in that, among other acts and omissions, those actual and apparent agents, servants, and employees

a) failed to appropriately manage Ms. Baker's chronic pain/suspected endometriosis with use of GnRH (i.e. gonadotropin-releasing hormone)-agonist leuprorelin acetate;

b) failed to properly evaluate Ms. Baker and to institute medical management before performing a laparoscopy;

c) performed an invasive and unnecessary surgical procedure that was not medically indicated;

d) attempted removal of an adnexal mass with dense adhesions without converting to an open procedure;

e) failed to convert to an open laparotomy procedure upon discovery of the ureteral injury

 (f)  attempted to repair the damaged ureter through the laparoscope;

 (g)  failed to immediately consult with a general surgeon or urological surgeon, so that a specialist could repair the transected ureter;

 (h)  was otherwise negligent in acts and omissions.

 38. But for the negligent acts and omissions in breach of standards of medical care perpetrated by the Defendants, Ms. Baker would have avoided, in addition to other damages and injuries, placement of a Foley catheter, placement of bilateral stents, and subsequent stent removal, urinary urgency, retrograde pyelograms, cystoscopies, ureteroscopies, endoureterotomy, severe pain, recurrent left ureteral stricture, and a persistent anastomotic leak.

 39. But for the negligent acts and omissions in breach of standards of medical care perpetrated by the Defendants, Ms. Baker would have avoided surgery that was not medically indicated; would not have suffered the enormous economic and physical and emotional pain and suffering she experienced during and subsequent to her hospitalization on October 7, 2004 at Memorial Hospital; and would have gone on to live a normal and health life.

 40. Defendant, Dr. Behnam, individually and as the actual and apparent agent, servant, and employee of The Gynecology Center, LLC was negligent and breached prevailing standards of medical care in that, among other acts and omissions he

(a) failed to appropriately manage Ms. Baker's chronic pain/suspected endometriosis with use of GnRH (i.e. gonadotropin-releasing hormone)-agonist leuprorelin acetate;

(b) failed to properly evaluate Ms. Baker and to institute medical management before performing a laparoscopy;

(c) performed an invasive and unnecessary surgical procedure that was not medically indicated;

(d) attempted removal of an adnexal mass with dense adhesions without converting to an open procedure;

(e) failed to convert to an open laparotomy procedure upon discovery of the ureteral injury

(f) attempted to repair the damaged ureter through the laparoscope;

(g) failed to immediately consult with a general surgeon or urological surgeon, so that a specialist could repair the transected ureter;

(h) was otherwise negligent in his acts and omissions.

41. But for the negligent acts and omissions in breach of standards of medical care perpetrated by the Defendants, Ms. Baker would have avoided in addition to other damages and injuries, placement of a Foley catheter, placement of bilateral stents, and subsequent stent removal, urinary urgency, retrograde pyelograms, cystoscopies, ureteroscopies,

endoureterotomy, severe pain, recurrent left ureteral stricture, and a persistent anastomotic leak.

42.  But for the negligent acts and omissions in breach of standards of medical care perpetrated by the Defendants, Ms. Baker would have avoided surgery that was not medically indicated; would not have suffered the enormous economic loss and physical and emotional pain and suffering she experienced during and subsequent to her hospitalization on October 7, 2004 at Memorial Hospital; and would have gone on to live a normal and health life.

WHEREFORE, Claimants, Stacy and Charles Baker make claim against the Defendants in an amount in excess of the jurisdictional amount.

## COUNT II - LOSS OF MARITAL CONSORTIUM

Stacy and Charles Baker, as husband and wife, by Kathleen Howard Meredith, David J. Wildberger, and Iliff & Meredith, P.C., their attorneys, bring this action against the Defendants named herein, and state:

43.  The Plaintiffs incorporate by reference in this count those facts set forth in each and every paragraph above, intending each and every allegation above to be deemed part of this count as if the same were repeated separately.

44.  The Plaintiffs state that they are husband and wife. The Plaintiffs assert that as a result of the negligence of the Defendants named herein, their marriage and marital relationship has been permanently injured.

45. The injuries and damages sustained as a result of the negligence of the Defendant named herein has prevented both marital partners from acting as normal spouses. It is further alleged that their marital relationship has been severely damaged and will in the future continue to be severely damaged on a permanent basis.

WHEREFORE, Claimants, Stacy and Charles Baker, demand judgment in an amount in excess of the jurisdictional amount.

### REQUEST FOR JURY TRIAL

Plaintiffs request this matter be tried before a jury.

*/s/ Kathleen Howard Meredith*
Kathleen Howard Meredith
#00701

*/s/ David J. Wildberger*
David J. Wildberger
#22424

Iliff & Meredith, P.C.
Patriots Plaza, Suite 201
8055 Ritchie Highway
Pasadena, MD 21122
(410)685-1166
Attorneys for Plaintiffs